UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gary Jackson,

        Petitioner,

v.

Jeffrey Woods,

        Respondent.

_____/

Case No. 02-74233

Honorable Nancy G. Edmunds

### ORDER GRANTING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY [111]; DENYING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING [119]; AND TRANSFERRING CASE TO SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION

This matter comes before the Court on Petitioner's motion for a certificate of appealability of the Court's order denying his motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b) and his request for an evidentiary hearing. Petitioner's Rule 60(b) motion sought relief from the Court's 2011 judgment denying his petition for habeas corpus. (Dkt. 95.) The motion was based on the decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). The Court denied the Rule 60(b) motion as *McQuiggin* did not entitle Petitioner to any relief. (Dkt. 102.) In his motion for a certificate of appealability, Petitioner has included, for the first time, an affidavit from a recanting witness. Based on this affidavit, Petitioner, after an investigation by a court appointed Federal Defender, also requests an evidentiary hearing. Although the Court will grant Petitioner a certificate of appealability, it declines to hold an evidentiary hearing at this time. However, the Court also believes that Petitioner's motion, in addition to seeking a certificate of appealability, is also in effect a second or successive petition for habeas corpus and transfers this case to the

Sixth Circuit for authorization as required by 28 U.S.C. § 2244(b)(3)(A). Before discussing why the Court has reached this decision, the Court must review the procedural background of this case.

The facts underlying Petitioner's state court trial have been discussed numerous times by this Court. (Dkt. 74, 79, 93.) Briefly, though, Petitioner's state court trial involved a 1996 shooting where it was alleged that a group of people in one vehicle fired at another vehicle on Chene Street in Detroit. *See People v. Jackson*, No. 214713, 2000 WL 33400216, at *1 (Mich. Ct. App. Nov. 21, 2000). During the initial investigation, a passenger in the vehicle that was fired upon, Darius Vaughn, could not identify the shooters. Two years later, however, after the police again approached him about the incident, Vaughn identified Petitioner and two others as the shooters. Based on the delay, as well as the circumstances surrounding the night in question, Vaughn's identification of Petitioner was questionable. But it was not the only evidence that implicated Petitioner. The evidence at trial also showed that another shooting had taken place on Hancock Street the same night as the shooting on Chene Street. Ballistics evidence tied the two shootings together, and the prosecution's theory was that both shootings were committed by the same group of people. Another witness, Ricardo Mitchell, identified Petitioner as one of the Hancock Street shooters and testified against him at the trial. Although Mitchell did not directly implicate Petitioner in the Chene Street shooting, his testimony substantially reinforced the evidence against Petitioner.

In his petition for habeas corpus brought in this Court, Petitioner argued that the police forced Mitchell to falsely identify Petitioner in the Hancock Street shooting and that Petitioner had newly discovered evidence of this fact. In March 2006, the Magistrate Judge

2

recommended denying relief on this ground because the new evidence itself, without any underlying constitutional violation, did not provide a basis for relief. (Dkt. 74 at 51-52.) This Court disagreed, finding that if the police did force Mitchell to testify falsely, then that would establish a constitutional violation. (Dkt. 79 at 6-8.) The Court further stated that if the jury had been presented with evidence that police officers forced Mitchell to lie against Petitioner, it likely would not have believed that Petitioner was involved in the Chene Street shooting for which he was convicted. (*Id.* at 8.) Accordingly, the Court rejected the Magistrate Judge's recommendation and appointed a Federal Defender to investigate the claim that Mitchell had been pressured by police to testify falsely against Petitioner. (Dkt. 80.)

Petitioner's counsel was unable locate Mitchell after a substantial investigation and filed a status report to this effect on March 22, 2007. (Dkt. 85.) There were no further filings in the case for nearly four years. In August 2010, Petitioner filed a letter with the Court asking it to reinstate his case. (Dkt. 89.) He also stated that he asked his counsel to lift the stay, expand the record, and make an offer of proof based upon newly discovered evidence. This evidence was to include affidavits from two witnesses, Tanisha Brown and James Davis, who would say that Mitchell told them that the police forced him to testify falsely at Petitioner's trial. Roughly five months later, on March 25, 2011, Petitioner filed a motion that included affidavits from Brown and Davis, as well as a transcript from a state bench trial that resulted in the acquittal of one of the other defendants charged in the Chene Street shooting. (Dkt. 91.) The motion was titled "Motion to Expand the Record Under Habeas Rule 7 and [for] Relief from Judgment Under [Federal Rules of Civil Procedure] 59(e) and 60." On June 20, 2011, Petitioner's counsel filed a second status

3

report in which she stated that she was still unable to find Mitchell, but did locate witnesses who had heard Mitchell recant his testimony. (Dkt. 92.)

On August 9, 2011, the Court denied Petitioner's motion because he did not diligently develop the claims and because he could not show that no reasonable factfinder presented with the new evidence—the two affidavits and trial court transcript—would find him not guilty of the offense. (Dkt. 93 at 5.) The Court also vacated its original order rejecting in part the Magistrate Judge's 2006 recommendation, terminated the Federal Defender's representation, and denied Petitioner's petition for habeas corpus. (*Id.* at 9.) The Sixth Circuit later denied Petitioner's application for a certificate of appealability. (Dkt. 98, *Gary Jackson v. Mitch Perry*, 6th Cir. No. 11-2078 (June 15, 2012).)

Petitioner then brought the Rule 60(b) motion for which he now seeks a certificate of appealability. (Dkt. 101.) As stated earlier, the Court denied Petitioner's motion as the case on which the motion relied, *McQuiggin v. Perkins*, did not entitle him to any relief. (Dkt. 102.) Plaintiff argued that under *McQuiggin*, decided after the denial of his habeas relief, the Court erred when it declined to expand the record on the grounds that Petitioner failed to act diligently. The Court disagreed and found that even with the affidavits from Tashina Brown and James Davis, Petitioner could not show that "it was more likely than not that no reasonable juror would have convicted [Petitioner]" given the new evidence. (*Id.* at 3 (citing *McQuiggin*, 133 S.Ct. at 1933).) It should be noted that Petitioner's Rule 60(b) motion itself did not rely on any new evidence. It merely argued that the Court erred in rejecting the new evidence Petitioner attempted to include in the record back in 2011, namely the affidavits from Tashina Brown and James Davis and the state court trial transcript.

4

With this background, the Court now turns to Petitioner's motion for a certificate of appealability. In his motion, filed on April 4, 2014, Petitioner for the first time has included an affidavit from Mitchell, the previously undiscoverable recanting witness. (Dkt. 111 at 37.) In this affidavit, Mitchell states:

> I in fact falsely accused [Petitioner] of being one of the shooters involved with the incident that ultimately resulted in him being charge and convicted . . . . I honestly cannot say with any degree of certainty that I saw [Petitioner] that night nor that he had any involvement. Also, my testimony and identification of him while under oath was completely false.

(*Id.*) Based on this affidavit, the Court stayed the determination of Petitioner's motion for a certificate of appealability and reappointed the Federal Defender to investigate Mitchell. (Dkt. 112).

On April 6, 2015, Petitioner's counsel filed a status report stating that she had located Mitchell and that he had acknowledged that his testimony against Petitioner resulted from police and prosecutorial pressure. (Dkt. 119 at 7.) The status report also included a second affidavit from Mitchell stating that the police and prosecutor pressured him to identify Petitioner as being involved in the Chene Street shooting even though he was not certain that Petitioner was invovled. (Dkt. 119-3 at 2.) Petitioner's counsel requested that the Court hold an evidentiary hearing. The hearing would include testimony from Mitchell as well as from Tashina Brown and James Davis, the two witnesses who originally stated that Mitchell told them that the police coerced him into testifying against Petitioner. Petitioner's counsel believes that this testimony would establish a claim of actual innocence arising from a due process violation that occurred at Petitioner's trial.

Although the Court recognizes the importance of Mitchell's affidavit and potential testimony as it relates to Petitioner's request for habeas relief, the Court does not believe

that it is able hold an evidentiary hearing at this time. Petitioner included Mitchell's affidavit in his motion for a certificate of appealability from the Court's order denying his Rule 60(b) motion, and that is the issue currently before this Court. Petitioner has already filed a notice of appeal from the denial of his motion. (Dkt. 104.) The Court is not now being asked to determine whether Petitioner is entitled to habeas relief, but rather, as this is a motion for a certificate of appealability, whether petitioner has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, based on the denial of his Rule 60(b) motion. As Petitioner's Rule 60(b) motion itself was not based on Mitchell's affidavit, his testimony could not inform the Court's decision on whether a certificate of appealability from the Court's denial of Petitioner's Rule 60(b) motion is appropriate. Accordingly, the Court declines to hold an evidentiary hearing at this time.

Nevertheless, even without holding an evidentiary hearing, the Court must still decide whether Petitioner is entitled to a certificate of appealability of this Court's order denying his Rule 60(b) motion. Given the posture of this case, and the addition of the Mitchell affidavit, the Court has determined that "jurists of reason could disagree with the district court's resolution of [Petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court GRANTS Petitioner a certificate of appealability.

Furthermore, the Court believes that Petitioner's motion, in addition to seeking a certificate of appealability, is also in effect a second or successive petition for habeas corpus based on the newly discovered evidence in the Mitchell affidavit. In order to bring a second or successive petition in the district court, Petitioner must first seek authorization

6

from the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A). "Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be." *Torres v. Sherry*, No. 06-12424, 2006 WL 1738181, at *2 (E.D. Mich. June 19, 2006). Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, IT IS ORDERED that the Clerk of the Court shall TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F .3d 45, 47 (6th Cir.1997).

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager